J-S17038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHIREE ALSTON, | |
| Appellant | No. 1636 EDA 2017 |

Appeal from the Judgment of Sentence entered March 23, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0002993-2014.

BEFORE:  BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.,

MEMORANDUM BY KUNSELMAN, J.:                    **FILED APRIL 09, 2018**

Shiree Alston files this appeal challenging the discretionary aspects of his sentence imposed following the revocation of his probation and parole. Because we determine that Alston did not preserve his sentencing claim in the trial court, we deny his petition for allowance of appeal, and affirm his judgment of sentence.

The trial court summarized the pertinent facts, which led to Alston's original charges, as follows:

> The underlying offenses stem from [Alston's] arrest on October 10, 2013 for participating with other individuals in the repeated sales of illegal narcotics including crack cocaine, barbiturates in the form of hydrocodone pills, marijuana and phencyclidine, commonly known as PCP. These sales were made to undercover police officers and confidential informants from the adjoining first floor apartments located on the 1600 block of Foulkrod Street in Northeast Philadelphia.  When police officers served the

corresponding approved Search and Seizure Warrants, [Alston] attempted to flee the premises that he had been living with his girlfriend, who was charged as a co-conspirator, and their two minor children ages 3 years and 5 months old respectively.

After fleeing, [Alston] was intercepted in flight carrying a large green diaper bag filled with diapers, large and varied amounts of illegal narcotics, his identification, a loaded ready to fire operable firearm and male shirts. Following entry into the residence and apprehension, Officers recovered significant amounts of illegal narcotics including bulk cocaine, crack cocaine, barbiturates in the form of hydrocodone pills, marijuana and phencyclidine, commonly known as PCP and drug paraphernalia.

Additional varied forms of narcotics, razors and grinders were also removed from the same bedroom of the apartment where the children had been huddled. Those toxic items had been located out in the open within arm's length of the children. Both children were immediately removed from this dangerous and filthy environment deemed unfit for habitation.

Trial Court Opinion, 8/1/17, at 1-2.

On September 2, 2015, the trial court accepted Alston's guilty plea to possession with intent to deliver, conspiracy, endangering the welfare of children, and possession of an instrument of crime.[1] The trial court described its original sentencing scheme as follows:

After, [Alston's] tendered guilty plea was accepted, [Alston] waived the preparation of any presentence evaluation. After considering all relevant information presented, this Court entered an Order of Sentence [sic] that essentially mercifully granted [Alston] immediate

_____

[1] 35 P.S. § 780-113(a)(30), and 18 Pa.C.S.A. §§ 903, 4304, and 907, respectively.

parole by applying the time credit for pre-trial custodial confinement. Influencing mitigating factors were considered by including [Alston's] apparent acceptance into the early release program promoted by the Mayor's Office For Reintegration Services, also known as the "R.I.S.E." program, that would enable [Alston] to work while under the court's supervision. At the time of the sentence, this Court duly cautioned [Alston], however, that he would face severe penalties for any noncompliance with the terms of the Order of Sentence particularly because he was receiving a reduced sentence with immediate parole.

Trial Court Opinion, 8/1/17, at 3.

The trial court imposed several conditions upon Alston's release on parole, including regularly reporting to the county parole and probation department, submitting to random drug and alcohol screening and random home and vehicle checks for drugs and weapons. *See id.* In addition, the trial court ordered Alston to seek employment, attend educational or vocational training and complete at least twenty hours of parenting classes. *Id.*

The trial court then described Alston's conduct following his immediate release on parole as follows:

Then on January 13, 2017, credible testimony was presented to this Court concerning [Alston's] repeated violations of the terms of probation and parole supervision which began just three months following the entry of the Order of Sentence. Those violations summarily included four separate testing with positive results reflecting [Alston's] intentional ingestion of illegal narcotic substances, repeated nonappearances during home visits by the probation department, failure to complete [the] recommended drug treatment program, avoidance of contact with probation officers and non-reporting of change of residence.

*Id.* at 4. After an evidentiary hearing, the trial court revoked Alston's probation and parole. On March 23, 2017, the trial court imposed an aggregate sentence of three to six years of incarceration, to be followed by a seven-year probationary term. This timely appeal follows the denial of Alston's petition for reconsideration of sentence.

As noted above, Alston challenges the discretionary aspects of his sentence. "A challenge to the discretionary aspects of sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. Lamonda**, 52 A.3d 365, 371 (Pa. Super. 2012) (*en banc*) (citation omitted). Before we may consider the merits of the underlying sentencing claims, the petitioner "must invoke this Court's jurisdiction by satisfying a four-part test." **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010). First, the petition for allowance of appeal must have been filed within thirty days of the judgment of sentence or denial of reconsideration under Pennsylvania Rules of Appellate Procedure 902 and 903. Second, the petitioner must have properly preserved the issues for appeal by having raised them at the time of sentencing or in a Pennsylvania Rule of Criminal Procedure 720 post-sentence motion. Third, Pennsylvania Rule of Appellate Procedure 2119(f) requires a concise statement in the petitioner's brief to justify the allowance of appeal.[2] And,

---

[2] **See Commonwealth v. Tuladziecki**, 522 A.2d 17 (Pa. 1987).

fourth, the Rule 2119(f) statement must present "a substantial question that the sentence imposed is not appropriate under" the Sentencing Code. **Id.** (citation omitted). "Only if the appeal satisfies these requirements may we proceed to decide the substantive merits of Appellant's claim." **Commonwealth v. Luketic**, 162 A.3d 1149, 1159-1160 (Pa. Super. 2017).

Alston timely filed his notice of appeal following the trial court's denial of his post-sentence motion, and has filed a Rule 2119(f) statement in which he asserts that his excessiveness claim raises a substantial question.[3] Upon review, however, we are unable to reach the merits of this appeal, because Alston did not satisfy the second prong of the procedural test.

Alston framed the issue in his appellate brief as follows:

> Was not the sentence of three (3) to six (6) years [of] incarceration followed by seven (7) years of reporting probation for technical violations of probation manifestly excessive, unreasonable, and disproportionate to the conduct at issue, and not in conformity with the requirements of the Sentencing Code?

Alston's Brief at 4.

He raised no such alleged error at his sentencing hearing. As defense counsel put it at the time, "I understand it's the Court's sentence today and

---

[3] In a six-page brief devoid of case law or statutory citations, the Commonwealth avers that it is "not opposed" to a remand for resentencing because, in its opinion, due to "the relatively minor nature of [his] probation violations, and because [Alston] completed parenting and reintegration programs, the sentence does appear to be excessive." Commonwealth's Brief at 6.

I'm not asking the Court for anything different. I will likely file a motion to reconsider once I've had time to digest it." N.T., 3/23/17, at 22.

And the only issue raised in his motion to reconsider was "[Alston] requests this Court to reconsider it's [*sic*] sentence and to structure it so that Petitioner is able to enroll in boot camp within the next six months." 3/28/17 Petition for Reconsideration of Sentence at 2.

Here, by contrast, Alston claims that the trial court imposed a manifestly excessive, unreasonable, and disproportionate sentence in light of the underlying probation and parole violations. This claim differs from the only argument that Alston made in his post-sentence motion to the trial court. Indeed, the request for access to the boot camp is totally absent from the issue that Alston would raise before us, were we to grant him an allowance of appeal. Instead, he seeks our permission to attack the sentence as a whole relative to his conduct after being released on parole.

Thus, we find that Alston did not afford the trial court an opportunity to address whether the sentence it imposed was excessive, unreasonable, or disproportionate, relative to the nature of his probation and parole violations, in the first instance. He would, therefore, improperly raising that issue "for the first time on appeal." ***Commonwealth v. Foster***, 960 A.2d 160, 163 (*quoting* Pennsylvania Rule of Appellate Procedure 302(a)). This we cannot allow. ***Id.*** We note, however, that if we allowed it, Alston's appeal would still fail. A trial judge has great discretion in fashioning a sentence following a violation of probation, and that court's decision will not

be disturbed on appeal in the absence of an error of law or an abuse of discretion. ***Commonwealth v. Pasture***, 107 A.3d 21 (Pa.2014) 42 Pa.C.S**.** § 9771(b). In a revocation proceeding, the trial court may even impose a lengthier sentence than the original sentence, so long as it is within the maximum sentence that the court could have imposed at the original sentencing hearing. ***Pasture*** at 27-29.

In ***Pasture***, the defendant's original charges of aggravated indecent assault and corruption of minors were related to his drug use. He began using drugs again while on probation. The defendant failed to follow the terms of probation imposed upon him, and at the revocation hearing, the court imposed a much longer sentence. The same is true of Alston. Alston's original charges were drug related. He originally received a lenient sentence and he was warned that "he would face severe penalties for any noncompliance" with the terms of his probation. Trial Court Opinion 8/1/17 at 3. Because Alston failed to comply with the terms imposed upon him, at the revocation of probation hearing, the trial court imposed a lengthier sentence that was within the statutory bonds of his original charges. That was a risk Alston took when he chose to violate the terms of his probation. Thus, were we to allow his appeal, we would find no abuse of discretion or error of law on the part of the trial judge.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/9/18